Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Darren Stemple, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RingCentral, Inc.,<br><br>Defendant. | **Case No.:**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201,** *et seq.***)**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of Colorado Law (C.R.S. § 8-4-101** *et seq.***; 7 C.C.R. § 1103-1)** |

**PRELIMINARY STATEMENT**

1.  This is a class and collective action brought by Plaintiff Darren Stemple ("Plaintiff"), individually and on behalf of all others similarly situated, Plaintiff and those similarly situated are or were employed by Defendant RingCentral, Inc. ("RingCentral" or "Defendant"), as inside sales representatives and were denied proper compensation as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.  The FLSA Collective is made up of all inside sales employees, including Business Development Representatives, Sales Development Representatives, Account Executives, or other

-1-

positions with similar job titles and/or duties[1] ("Inside Sales Representatives") who work or have worked for RingCentral, Inc. at any time within three years prior to this action's filing date (the "Collective Period").

3. The Colorado Class is made up of all persons who have been employed by Defendant as Inside Sales Representatives who worked for RingCentral in its Colorado locations at any time within three years prior to this action's filing date.

4. During the Class and Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the putative class and the FLSA Collective as required by state and federal law. The Plaintiff seeks relief for the Colorado Class under Colorado wage and hour law, and for and for the FLSA Collective under the FLSA, to remedy Defendant's failure to pay appropriate overtime compensation.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*. The Plaintiff signed a consent forms to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco / Oakland Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Mateo County.

---

[1] Defendant uses myriad titles to identify Inside Sales Representatives. For example, titles may refer to the targeted industry (healthcare, financial services, etc.) and/or the scale of the targeted businesses (Small/ Medium Business, Mid-Market, etc.), among other descriptors. All these categories are included as Inside Sales Representatives.

# PARTIES

8. Plaintiff Darren Stemple is an adult resident of Littleton, Colorado. Plaintiff Stemple was employed by Defendant in Denver, Colorado from approximately April 2017 until December 2017. Plaintiff Stemple was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and relevant state law.

9. Defendant RingCentral, Inc. is a Delaware corporation that does business in California, Colorado, and nationwide. According to the California Secretary of State, its principal office is located at 20 Davis Drive, Belmont, CA 94002. According to Defendant's website, its headquarters is located at 20 Davis Drive, Belmont, CA 94002.

10. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

# FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

12. RingCentral sells a cloud-based unified telecommunications system and collaboration solutions. This system, used in healthcare, financial services, real estate, retail stores, and enterprises, is a comprehensive cloud phone system. In addition to telecommunications, the system includes video and audio conferencing, team messaging and collaboration, and business app integration features. RingCentral, who serves thousands of clients around the United States and throughout the world, regularly receives compensation from its clients for these services that are delivered across state lines.

13. Plaintiff Stemple worked for RingCentral as a Business Development Representative out of Defendant's office in Denver, Colorado where he cold-called potential buyers of Defendant's products. Defendant provided Plaintiff Stemple with leads, who he called in an attempt to sell Defendant's products. RingCentral employs numerous other Inside Sales Representatives who also sell RingCentral's products to its clients from inside RingCentral's offices.

14. At all times material, Plaintiff and other inside salespersons were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

15. At all times material, RingCentral has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

16. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to RingCentral, Inc.

17. Plaintiff and those similarly situated were classified as exempt from FLSA's overtime requirements and paid a salary plus commissions.

18. Plaintiff and other inside salespersons employed by RingCentral, Inc. during the last three years regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, RingCentral did not provide Plaintiff or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during those workweeks.

19. Rather than pay Plaintiff and other inside salespersons one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, RingCentral misclassified Plaintiff and other inside salespersons as exempt from overtime pay, and did not compensate them for their overtime hours worked.

20. Plaintiff Stemple worked, on average, approximately five hours of overtime each week, with more at the end of the quarter. Defendant routinely provided lunch to Plaintiff and other inside salespersons. As a result, Plaintiff often worked through his lunch break. Defendant required Plaintiff and other inside salespersons to meet quotas for their sales work that necessitated overtime work. At times, Defendant increased those quotas, leading to additional overtime work, or specifically required Plaintiff and other inside salespersons to work additional overtime. For example, during the workweek ending September 29, 2017, Plaintiff estimates that he worked 50 hours in the lead-up to Defendant's annual user conference, ConnectCentral. Defendant did not compensate him for any of the overtime hours he worked that week, or in any previous workweeks.

21. Plaintiff and other inside salespersons who worked for RingCentral were not required to keep timesheets. As a result, Defendant failed to maintain and keep time records for Plaintiff and those similarly situated.

22. Defendant knew Plaintiff and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the similarly situated salespersons overtime wages at the required rates. Furthermore, federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. RingCentral had a duty to investigate and research its obligations under the FLSA.

23. Defendant did not keep accurate records of the hours Plaintiff and other inside sales representatives worked. Defendants did not track whether Plaintiff and other inside sales representatives took meal periods.

24. Defendant is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, and consistent.

25. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

27. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as Inside Sales Representatives for Defendant. The proposed collective is defined as follows:

> All persons who worked for Defendant as Business Development Representatives, Sales Development Representatives, Account Executives, or other positions with similar job titles and/or duties who were classified as exempt at any time within three years prior to the commencement of this action (the "FLSA Collective").

28. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent form is attached as Exhibit A. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

29. Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

30. Defendant paid Plaintiff and the FLSA Collective a salary and commissions, and classified them as exempt employees.

31. Defendant improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

32. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked.

33. Defendant was both aware of and required this overtime work. Specifically, it was Defendant's policy and practice to set sales goals that required overtime work and to encourage Plaintiff and members of the FLSA Collective to work overtime. Defendant routinely provided meals to Plaintiff and members of the FLSA Collective during their lunch periods. As a result, Plaintiff often worked through their lunch breaks.

34. Defendant is and was aware that Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

35. Defendant uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay. For example, Plaintiff and the FLSA Collective performed inside sales work for Defendant. This entailed calling potential clients to try to sell RingCentral's products. Plaintiff and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged. The relevant job duties of Plaintiff and the FLSA collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

36. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

37. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

38. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Defendant is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

39. Defendant is and was aware of the FLSA's requirements.

40. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

41. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **STATE LAW CLASS ACTION ALLEGATIONS**

42. Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

43. Plaintiff brings Count Two individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All persons who worked for Defendant in Colorado as Business Development Representatives, Sales Development Representatives, Account Executives, or other positions with similar job titles and/or duties who were classified as exempt at any time within three years prior to the commencement of this action (the "Rule 23 Class").

44. The persons in the proposed Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed more than 100 individuals as inside sales representatives in Colorado during the applicable limitations period. Plaintiff and the proposed Rule 23 Class have been similarly affected by Defendant's violations of law.

45. There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

    a. whether Defendant failed and/or refused to pay the proposed Rule 23 Class overtime pay for hours worked in excess of forty (40) hours per workweek in violation of Colorado Minimum Wage Order Number 34, 7 C.C.R. 1103-1:4;

    b. the proper measure of damages sustained by the proposed Rule 23 Class; and

    c. whether Defendant's violations were willful.

46. Plaintiff's claims are typical of those of the proposed Rule 23 Class. Plaintiff, like the other proposed Rule 23 Class members, was subject to Defendant's unlawful pay practices, resulting in its failure to compensate them for all hours worked.

47. Plaintiff will fairly and adequately protect the interests of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour class action litigation.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

49. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

50. Plaintiff Darren Stemple intends to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

# COUNT I

# FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

*(On Behalf of Plaintiff and the FLSA Collective)*

51. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

52. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

53. Defendant RingCentral, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

54. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

55. Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

56. Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

57. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

58. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

59. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

60. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

1  61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II

## FAILURE TO PAY OVERTIME – COLORADO LAW

### C.R.S. § 8-4-101 *et seq.*; 7 C.C.R. § 1103-1

*(On Behalf of Plaintiff and the Proposed Rule 23 Class)*

63. Plaintiff individually and on behalf of the proposed Rule 23 Class re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

64. At all relevant times, Plaintiff Stemple and members of the proposed Rule 23 Class were employees within the meaning of C.R.S. § 84-101(5); 7 C.C.R. § 1103-1:2.

65. At all relevant times, Defendant was an employer within the meaning of C.R.S. § 8-4-101(6); 7 C.C.R. § 1103-1:2.

66. At all relevant times, Defendant was a "business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales" that is therefore covered by the overtime provisions within Colorado Minimum Wage Order Number 34. C.C.R. §§ 1103-1:1, 1103-1:2(A).

67. Colorado law requires Defendant to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and twelve (12) hours per workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday. C.C.R. § 1103-1:4.

68. Plaintiff and members of the proposed Rule 23 Class worked more than 40 hours for Defendant in one or more workweeks within the past three years, but due to Defendant's failure

1 to pay them for all hours worked, as required under Colorado law, they did not receive overtime
2 pay for all hours worked in violation of C.C.R. § 1103-1:4.

3   69.   Defendant's violations of Colorado's overtime provisions were willful. C.C.R. §
4 1103-1:15.

5   70.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the
6 proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

7   71.   Plaintiff and the proposed Rule 23 Class seek damages in the amount of their unpaid
8 overtime wages for all hours worked in excess of forty (40) hours per workweek, reasonable
9 attorneys' fees and costs for this action pursuant to C.R.S. § 8-6-118 and C.C.R. § 1103-1:18, pre-
10 and post-judgment interest pursuant to C.R.S. § 5-12-102, and such other legal and equitable relief
11 as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, pray for relief as follows:

a.   Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b.   Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c.   Judgment against Defendant for violations of the overtime provisions of the FLSA;

d.   Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e.   A finding that Defendant's violations of the FLSA are willful;

f.   An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g.   All costs and attorneys' fees incurred prosecuting this claim;

h.   An award of any pre- and post-judgment interest;

i. Leave to amend to add claims under applicable state laws;

j. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Rule 23 Class, prays for relief as follows:

a. For certification of the proposed Rule 23 Class and for designation of Plaintiff as class representative and his counsel as class counsel;

b. Judgment against Defendant, finding that it violated C.R.S. §§ 8-4-103, -109 by failing to pay Plaintiff and the proposed Rule 23 Class for all wages earned;

c. Judgment against Defendant, finding that it violated C.C.R. § 1103-1:4 by failing to pay Plaintiff and the proposed Rule 23 Class the overtime compensation to which they were entitled;

d. Judgment against Defendant for an amount equal to Plaintiff's and the proposed Rule 23 Class' unpaid wages, pre- and post-judgment interest pursuant to C.R.S. § 5-12-102, and their reasonable costs and attorney's fees pursuant to C.R.S. § 8-6-118 and C.C.R. § 1103-1:18; and

e. For all such further relief as the Court deems equitable and just.

Dated: August 13, 2018        **NICHOLS KASTER, LLP**

By:  /s/ Daniel S. Brome
Daniel S. Brome

Attorneys for Plaintiff and the putative collective and class

-12-
CLASS AND COLLECTIVE ACTION COMPLAINT