United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DARREN STEMPLE and STEFAN FLORES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RINGCENTRAL, INC.,<br><br>Defendant. | Case No. 18-cv-04909-LB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Re: ECF No. 48 |

# INTRODUCTION

This is an overtime-pay case under federal law and counterpart state laws in Colorado and North Carolina.[1] It is a putative collective action under the Federal Labor Standards Act ("FLSA") and a putative class action for the two state classes under Federal Rule of Civil Procedure 23.[2] The plaintiffs claim that their employer, defendant RingCentral, Inc., misclassified them as exempt under the FLSA and similar state laws and so failed to pay them requisite compensation.[3] The

---

[1] Compl. – ECF No. 1; Mot. – ECF No 48; Settlement Agreement, Ex. A to Brome Decl. – ECF No. 48-1 at 7 (¶ 4) . Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Compl. – ECF No. 1.

[3] *Id.* at 2 (¶ 4).

ORDER – No. 18-cv-04909-LB

1  parties entered into a settlement agreement, and the plaintiffs moved for preliminary approval of
2  the proposed collective- and class-action settlement.[4] The court grants the unopposed[5] motion.

**STATEMENT**

**1. The Lawsuit and Settlement Negotiations**

On August 13, 2018, named plaintiff Darren Stemple filed this overtime-pay lawsuit as (1) a putative FLSA collective action on behalf of a nationwide collective who worked for RingCentral as inside sales employees and (2) a putative class action on behalf of a Colorado class under Colorado wage-and-hour laws.[6] RingCentral answered the complaint on October 3, 2018.[7] On October 5, 2019, the parties entered into a tolling agreement to protect the FLSA claims for those members of the collective who had not yet joined and for unasserted state claims.[8] They agreed to an early mediation with Tipper Ortman, Esq., who has extensive knowledge of employment law, and on January 8, 2019, had a full-day mediation with him and reached a settlement in principle that included putative California and North Carolina classes (in addition to the putative Colorado class).[9] Ultimately the plaintiff was able to add a new named plaintiff only for the putative North Carolina class.[10]

Before mediation, RingCentral provided substantial data regarding class members' work and pay history.[11] Class counsel reviewed and analyzed the data reflecting earnings and hours worked for the class members and the FLSA opt-ins and created a damages model showing maximum damages of $7,583,546.88, assuming 45 hours of work per week, and assuming complete success

---

[4] Mot. – ECF No 48; Settlement Agreement, Ex. A to Brome Decl. – ECF No. 48-1 at 6–64.
[5] Statement of Non-Opposition – ECF No. 52.
[6] Compl. – ECF No. 1.
[7] Answer – ECF No. 17.
[8] Brome Decl. – ECF No. 48-1 at 2 (¶ 2).
[9] *Id.* (¶¶ 2–3).
[10] *Id.* (¶ 3).
[11] *Id.* (¶ 4).

on (1) conditionally certifying the FLSA claims with a 100% participation rate, (2) certifying the Colorado and North Carolina classes, (3) establishing liability under the FLSA and both states' laws, (4) defeating the fluctuating-workweek issue under federal and state laws, (5) establishing a willful violation, and (6) recovering liquidated damages.[12]

After the parties finalized their settlement agreement, the plaintiffs filed an unopposed motion for preliminary approval and will file a First Amended Complaint ("FAC") for settlement purposes only ("in conjunction with settlement approval") to add the North Carolina class.[13]

### 2. Proposed Settlement

#### 2.1 Settlement Classes

The parties agreed to the following class definitions for settlement purposes only:

> "Class" or "Class Member(s)" means the members of the following subclasses:
>
> a. "FLSA" class means all individuals who worked for Defendant in a Covered Position at any time during the period beginning August 13, 2015 and ending on March 31, 2019, or the date of Preliminary Approval, whichever is earlier. The "Pre-Settlement FLSA Class" means those individuals who have already filed consent forms in the Action.
>
> b. "Colorado Class" means all individuals who worked for Defendant in a Covered Position in Colorado at any time during the period beginning August 13, 2015 and ending on March 31, 2019.
>
> c. "North Carolina Class" means all individuals who worked for Defendant in a Covered Position in North Carolina at any time during the period beginning October 5, 2015 and ending on March 31, 2019.
>
> Members of the Colorado Class and North Carolina Class are collectively referred to as the "Rule 23 Class Members."[14]

"Covered Position" is defined as "all inside sales employees, including business development representatives, sales development representatives and account representatives, and other positions

---

[12] *Id.* at 2–3 (¶ 4).

[13] Settlement Agreement, Ex. A to Brome Decl. – ECF No. 48-1 at 8 (¶ 7).

[14] *Id.* at 7 (¶ 4).

ORDER – No. 18-cv-04909-LB   3

with similar job titles and duties."[15] Following the notice process, the FLSA opt-ins and the Rule 23 Class Members who do not opt out will be the "Participating Class Members."[16]

### 2.2 Settlement Amount and Allocation

The total settlement amount is $2,724,714.75, which includes service awards for the two named plaintiffs (to be approved by the court in an amount not to exceed $5,000 for Darren Stemple and $1,000 for Stefan Flores), and attorney's fees and actual litigation costs and expenses (to be approved by the court in an amount not to exceed $681,178.69, or 25 percent of the settlement amount, for fees and $15,000 for reasonable actual expenses incurred).[17] This amount does not include the costs for administration of the settlement, which RingCentral will pay.[18]

"Individual Settlement Payments" will be calculated based on the number of Individual Work Weeks (meaning, the number of workweeks worked by an individual Participating Class Member in a Covered Position), weighted according to whether the Participating Class Member is an FLSA opt-in only, a Rule 23 Class Member only, or both.[19] Participating Class Members who are either an FLSA opt-in only or a Rule 23 Class Member only will be weighted at 1.0, and Participating Class Members who are both will be weighted at 1.25.[20] The settlement agreement has procedures for Participating Class Members to dispute their Individual Work Weeks (which will be in the Notice to them).[21] The Individual Settlement Payments will be divided evenly between (1) wage claims, which are subject to required tax withholdings, and (2) liquidated damages, interest, and statutory penalties, which will be reported on an IRS Form 1099.[22]

---

[15] *Id.* at 8 (¶ 8).

[16] *Id.* at 10 (¶ 26). If any Pre-Settlement FLSA Class Members do not return an FLSA Opt-In Claim Form, then they will not receive an individual FLSA payment, their FLSA claim will be dismissed without prejudice, and the statute of limitations on their FLSA claim will begin running upon final approval of the settlement. *Id.* at 10 (¶ 19).

[17] *Id.* at 9 (¶ 15), 10 (¶ 23), 11–12 (¶ 33).

[18] *Id.* at 7 (¶ 2).

[19] *Id.* at 22 (¶ 64).

[20] *Id.* at 10 (¶¶ 20–21), 22 (¶ 64).

[21] *Id.* at 19 (¶ 54).

[22] *Id.* at 22 (¶ 64).

The settlement amount is non-reversionary: (1) if Rule 23 Class Members opt out, their allocated payment will be reallocated to the Participating Class Members; and (2) any uncashed checks for Rule 23 Class Members will be distributed to *cy pres* beneficiary Community Legal Services in East Palo Alto, a non-profit that specializes in immigration housing, workers' rights, records clearance, and consumer protection.[23]

If five percent or more of the Class requests exclusion, RingCentral can choose to nullify the Settlement Agreement.[24]

The settlement agreement also provides that the court will retain jurisdiction to enforce its terms.[25]

### 2.3 Release

In return for the settlement relief, the settlement agreement has release provisions.

FLSA opt-ins release their FLSA claims related to their work with the defendant in Covered Positions. The Rule 23 Class Members release their state-law claims relating to work in Covered Positions but release FLSA claims only if they opt in. The two named plaintiffs agree to a general release.[26]

### 2.4 Administration

The settlement will be administered by an independent claims administrator, Simpluris Class Action Settlement Administration, which will send class notice to class members at their most current mailing address (from RingCentral's records or any more current address that the administrator discovers through reasonable address searches).[27] The administrator will update addresses before sending the class notices by running a National Change of Address database search on all addresses and will perform skip traces on any returned mail.[28]

---

[23] *Id.* at 21–22 (¶ 64), 24 (¶ 69).

[24] *Id.* at 20–21 (¶ 60).

[25] *Id.* at 20 (¶ 59).

[26] *Id.* at 11 (¶¶ 29–30), 28–29 (¶ 75).

[27] *Id.* at 12 (¶ 34), 17 (¶ 50).

[28] *Id.* at 15–17 (¶ 47).

Other administration procedures — including notice, administration, procedures for exclusion, and procedures for objections — are set forth in the settlement agreement.[29]

# ANALYSIS

## 1. Jurisdiction

The court has federal-question jurisdiction under 28 U.S.C. § 1331 for the FLSA claims and supplemental jurisdiction under 28 U.S.C. § 1367 for the state-law claims.

## 2. Conditional Certification of Settlement Classes

The court determines whether the settlement classes meet the requirements for class certification first under Rule 23 and then under the FLSA.

### 2.1 Rule 23 Requirements

The court reviews the propriety of class certification under Federal Rule of Civil Procedure 23(a) and (b). When parties enter into a settlement before the court certifies a class, the court "must pay 'undiluted, even heightened, attention' to class certification requirements" because the court will not have the opportunity to adjust the class based on information revealed at trial. *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Espinosa v. Ahearn (In re Hyundai and Kia Fuel Econ. Litig.)*, 926 F.3d 539, 557 (9th Cir. 2019) (en banc).

Class certification requires the following: (1) the class must be so numerous that joinder of all members individually is "impracticable"; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the person representing the class must be able to fairly and adequately protect the interests of all class members. Fed. R. Civ. P. 23(a); *In re Hyundai and Kia*, 926 F.3d at 556.

---

[29] *Id.* at 15–17 (¶¶ 47, 50).

Here, the factors — numerosity, commonality, typicality, and adequacy — support the certification of the class for settlement purposes only.

First, there are approximately 316 class members.[30] The class is so numerous that joinder of all members is impracticable.

Second, there are questions of law and fact common to the class. All class members worked for RingCentral as inside sales representatives. Common questions include whether RingCentral improperly classified them as exempt and whether they thus are entitled to unpaid overtime compensation. The claims depend on common contentions that — true or false — will resolve an issue central to the validity of the claims. *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Betorina v. Ranstad US, L.P.*, No. 15-cv-03646-EMC, 2017 WL 1278758, at *4 (N.D. Cal. Apr. 6, 2017).

Third, the claims of the representative parties are typical of the claims of the class. The representative parties and all class members allege wage-and-hours violations based on similar facts. All representatives possess the same interest and suffer from the same injury. *Cf. Betorina*, 2017 WL 1278758, at *4.

Fourth, the representative parties fairly and adequately protect the interests of the class. The factors relevant to a determination of adequacy are (1) the absence of potential conflict between the named plaintiff and the class members, and (2) counsel chosen by the representative party who is qualified, experienced, and able to vigorously conduct the litigation. *In re Hyundai and Kia*, 926 F.3d at 566 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). The court is satisfied that the factors exist here: the named plaintiffs have shared claims and interests with the class (and no conflicts of interest), and they retained qualified and competent counsel who have prosecuted the case vigorously. *Cf. id.*; *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *Hanlon*, 150 F.3d at 1021–22.

---

[30] Brome Decl. – ECF No. 48-1 at 3 (¶ 5) (316 potential class members; according to the defendant's data, there are over 200 Colorado class members and over 80 North Carolina class members).

Thus, the court finds preliminarily (and for settlement purposes only) that the proposed settlement class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy: (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The court also finds preliminarily (and for settlement purposes only[31]) that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *cf. Brown v. Hain Celestial Group, Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *15–20 (N.D. Cal. Nov. 18, 2014). The court certifies the class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only.

The court thus conditionally certifies the class for settlement purposes only and for the purposes of giving the class notice of the settlement and conducting a final approval hearing.

## 2.2 FLSA Class

The FLSA authorizes "opt-in" representative actions where the complaining parties are "similarly situated" to other employees. 29 U.S.C. § 216(b); *see generally Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016). Here, all class representatives worked at RingCentral as inside sales representatives and, as discussed in the previous section, have common fact and law questions. The court certifies the FLSA class for settlement purposes only.

---

[31] "[W]hether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation for settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *In re Hyundai and Kia*, 926 F.3d at 558 (citing 2 William B. Rubenstein, *Newberg on Class Actions* § 4:63 (5th ed. 2018)).

### 3. Preliminary Approval of Settlement and Leave to File Amended Complaint

The approval of a class-action settlement has two stages: (1) the preliminary approval, which authorizes notice to the class; and (2) a final fairness hearing, where the court determines whether the parties should be allowed to settle the class action on the agreed-upon terms.

Settlement is a strongly favored method for resolving disputes, particularly "where complex class action litigation is concerned." *In re Hyundai and Kia*, 926 F.3d at 556 (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)). A court may approve a proposed class-action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court need not ask whether the proposed settlement is ideal or the best possible; it determines only whether the settlement is fair, free of collusion, and consistent with the named plaintiffs' fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1026–27 (9th Cir. 1998). In *Hanlon*, the Ninth Circuit identified factors relevant to assessing a settlement proposal: "[(1)] the strength of the plaintiff's case; [(2)] the risk, expense, complexity, and likely duration of further litigation; [(3)] the risk of maintaining class-action status throughout trial; [(4)] the amount offered in settlement; [(5)] the extent of discovery completed and the stage of the proceeding; [(6)] the experience and views of counsel; [(7)] the presence of a government participant; and [(8)] the reaction of the class members to the proposed settlement." *Id.* at 1026 (citation omitted).

"Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010); *see, e.g.*, *In re Hyundai and Kia*, 926 F.3d at 570 ("'[W]e put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.'") (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.").

The court has evaluated the proposed settlement agreement for overall fairness under the *Hanlon* factors and concludes that preliminary approval is appropriate.

First, the settlement appears fair. As the plaintiffs point out, it provides good value (when contrasted to the maximum damages calculated in anticipation of mediation, discussed *supra*, which assumed complete success on the merits and 100% participation).[32] The fees also are capped at 25%.

Second, the plaintiffs provide examples of settlements in this district that show that the settlement is in the "range of possible approval," a relevant consideration at the preliminary approval stage.[33] *See Betorina*, 2017 WL 1278758, at *6 (considerations include whether the settlement "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval"; court also fully considered the *Hanlon* factors because the settlement was reached before class certification).

Third, a class action allows class members — who otherwise would not pursue their claims individually because costs would exceed recoveries — to obtain relief.

Fourth, litigation poses risk. RingCentral disputes that it wrongly classified the inside sales representatives as exempt, and the exemption has not been tested in this industry (which involves sales of a cloud-based unified telecommunications system and collaboration solution — including video and audio conferencing, team messaging and collaboration, and business-app integration features — used in healthcare, financial services, real estate, retrial stores, and enterprises[34]). RingCentral also contends that the plaintiffs worked little overtime, and while the plaintiffs dispute this, RingCentral produced some records to support its contention, and the plaintiffs concede that there is a *bona fide* dispute.[35] The FLSA also allows only two years of damages unless the defendant's violation is willful, which allows three years of damages. The plaintiffs

---

[32] Mot. – ECF No. 48 at 16–17.

[33] *See id.* at 15–16 (discussing *Bisaccia v. Revel Sys. Inc.*, No. 17-cv-02533-HSG, 2019 WL 861425, at *1–3 (N.D. Cal. Feb. 22, 2019); *Nelson v. Avon Prods., Inc.*, No. 13-cv-02276-BLF, 2017 WL 733145, at *2–6 (N.D. Cal. Feb. 24, 2017)).

[34] *Id.* at 9.

[35] *Id.* at 13.

ORDER – No. 18-cv-04909-LB 10

again characterize this issue as a *bona fide* dispute and admit that a two-year damages period reduces the plaintiffs' wage loss significantly.[36] Similarly, if RingCentral demonstrated good faith, the court could reduce or eliminate any liquidated damages.[37] Many of the key witnesses are no longer at the company.[38] The parties also dispute the appropriate method for calculating damages.[39] The plaintiffs point out that "it is unclear whether Plaintiffs would be able to obtain class certification under Colorado or North Carolina law."[40]

Finally, the settlement is the product of serious, non-collusive, arm's-length negotiations and was reached after mediation with an experienced mediator with subject-matter expertise.

The recoveries here are adequate to justify preliminary approval. Given other comparable settlements, and the litigation risks identified above, the settlement amount at least preliminarily appears fair.

### 4. Appointment of Class Representative, Class Counsel, and Claims Administrator

The court appoints Darren Stemple and Stefan Flores as the class representatives. The court finds provisionally that they have claims that are typical of members of the class generally and that they are adequate representatives of the other members of the proposed classes.

The court appoints Matthew C. Helland and Daniel Brome of Nichols Kaster LLP as class counsel for settlement purposes only. *See* Fed. R. Civ. P. 23(a) & (g)(1). The court finds provisionally that they have sufficient qualifications, experience, and expertise in prosecuting class actions.

---

[36] *Id.* at 14.

[37] *Id.* at 15 (citation omitted).

[38] *Id.* at 14.

[39] *Id.*

[40] *Id.* at 17.

The court designates and approves Simpluris Class Action Settlement Administration as the claims administrator. It will administer the settlement in accordance with the requirements set forth in the settlement agreement.

### 5. Class Notice

The court approves the class notice and plan. The court finds that the class notice provides the best notice practicable, satisfies the notice requirements of Rule 23, adequately advises class members of their rights under the settlement agreement, and meets the requirements of due process. *Cf. In re Hyundai and Kia*, 926 F.3d at 567 ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.") (internal quotation marks omitted) (quoting *Rodriguez*, 563 F.3d at 962). The forms of notice fairly, plainly, accurately, and reasonably provide class members with all required information, including (among other things): (1) a summary of the lawsuit and claims asserted; (2) a clear definition of the classes; (3) a description of the material terms of the settlement, including the estimated payment; (4) a disclosure of the release of the claims should they remain class members; (5) an explanation of class members' opt-out rights, a date by which they must opt out, and information about how to do so; (6) the date, time, and location of the final fairness hearing; and (7) the identity of class counsel and the provisions for attorney's fees, costs, and class-representative service awards.[41]

### 6. Compliance with Class Action Fairness Act

The plaintiffs will provide notice of the settlement — which is deemed filed as of the date of this order — and other information showing compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the appropriate federal and state officials. Any final settlement approval will be more than 90 days after service as required by 28 U.S.C. § 1715.

---

[41] Notices of Settlement, Ex. A-2 to Brome Decl. – ECF No. 48-1 at 37–61.

## 7. Procedures for Final Approval Hearing

### 7.1 Deadlines and Hearing

| Event | Date |
| --- | --- |
| Defendant provides class list to administrator | 14 days after preliminary approval |
| Administrator distributes Notice Packet | 14 days from receipt of class list |
| Last day to return claims forms, reject settlement, or opt out (the "Response Deadline") | 60 days from mailing of Notice |
| Deadline to file motion for attorney's fees | 14 days before Response Deadline |
| File motion for final approval | 60 days after preliminary approval |
| Administrator provides list of exclusions (timely exclusions and invalid Exclusion letters) | 5 days after Response Deadline |
| Final fairness/approval hearing | November 14, 2019, at 9:30 a.m. |

### 7.2 Final Approval Hearing

At the hearing, the court will consider whether to (1) grant final certification of the settlement class, (2) finally approve the settlement agreement and the releases in it, (3) finally approve the service awards, and (4) award attorney's fees and costs to class counsel. The court may, for good cause, extend any of the deadlines in this order or continue the final approval hearing without further notice to the settlement-class members.

### 7.3 Requests for Exclusion From the Settlement

Under the terms of the settlement agreement, class members may opt out of the settlement by sending an "Exclusion Letter" on or before the Response Deadline using the procedures set forth in the class Notice. The date of the postmark (or equivalent proof of mailing such as FedEx, UPS, or certified mail) on the Exclusion Letter Envelope will be the exclusive means used to determine whether Class Members timely returned an Exclusion Letter by mail on or before the Response Deadline. Failure to request exclusion means that the class member will be deemed a class

1 member and will be bound by the settlement agreement, if the court approves it, and any orders
2 and judgment entered by the court.[42]

### 7.4 Objections to the Settlement

Participating Class Members whowish to object to the Settlement must submit objections using the procedures set forth in the Notice. Any objection must be in writing and must be accompanied by any documentary or other evidence and any factual or legal arguments that the objecting Participating Class Member intends to rely upon in making the objection. All objections must identify the case name and number, must be submitted to the court (either by mailing them to the court at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102 or by filing them in person at this location) and be filed or postmarked on or before the Response Deadline (defined in the Settlement Agreement as 60 calendar days from the administrator's mailing the Notice Packet). Class Members who have not excluded themselves and who properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.[43]

### 7.5 Other Orders

Pending the final determination of whether the settlement should be approved, all proceedings in this action, except as may be necessary to implement the settlement or comply with the terms of the Settlement, are hereby stayed.

Pending the final determination of whether the settlement should be approved, the named plaintiffs and Class Members are hereby preliminarily enjoined — during the period between the date of this Preliminary Approval and Final Approval of the Settlement — from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement, unless and until a Class Member has submitted a valid Exclusion Letter (as set forth in the Settlement Agreement) to the Settlement Administrator, or, if the Class Member is only a

---

[42] Settlement Agreement, Ex. A to Brome Decl. – ECF No. 48-1 at 18–19 (¶ 53).
[43] *Id.* at 11 (¶ 32), 17–18 (¶ 52).

member of the FLSA Class, the Response Deadline has passed with the Class Member not having submitted an FLSA Opt-In Claim Form.[44]

## CONCLUSION

The court (1) conditionally certifies the classes for settlement purposes only, (2) preliminarily approves the settlement and authorizes notice as set forth in this order, (3) approves the notice plan, (4) appoints the class representatives, class counsel, and claims administrator, (5) orders the procedures in this order (including all dates in the chart), and (6) orders the parties and the claims administrator to carry out their obligations in the settlement agreement.

This disposes of ECF No. 48.

**IT IS SO ORDERED.**

Dated: August 15, 2019

LAUREL BEELER
United States Magistrate Judge

---

[44] *Id.* at 15 (¶ 46).